IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| THE UNIVERSITY OF CINCINNATI, | : | |
| | : | Case No. 1:11-CV-00176 |
| Plaintiff, | : | |
| v. | : | JUDGE BECKWITH |
| | : | |
| HAMBURG TEA COMPANY | : | Magistrate Judge Litkovitz |
| *d.b.a.* BEARCAT CAFÉ | : | |
| | : | |
| Defendant. | : | |

## AGREED PROTECTIVE ORDER OF CONFIDENTIALITY

Upon the request and stipulation of the parties, the Court finds that a protective order of confidentiality should be issued, and therefore issues the following Order.

1. In the interest of all parties, there is and will be good cause to protect the confidentiality of certain documents, deposition testimony, interrogatory answers and admissions disclosed and/or produced in the course of discovery conducted in this action ("discovery material"). At this time, the parties designate the following as Confidential information/documents that require protection:

    a. any Lease Agreements by and between 239 West McMillan, LLC, as Lessor, and The Lamar Companies, as Lessee, including but not limited to the Lease Agreement dated September 11, 2007;

    b. any and all other documents referring or relating to the leasing arrangement by and between 239 West McMillan, LLC, as Lessor, and The Lamar Companies, as Lessee;

However, the parties acknowledge that, during the course of discovery, it may be necessary to designate other information/documents as Confidential, and, if that occurs, the procedure set forth below shall be followed.

2. It is in the interest of processing the discovery requests of the parties to avoid undue pre-disclosure disputes over discovery material and unduly burdensome pre-review of such materials or repetitive applications for protective orders.

3. In order to provide an efficient and practicable means to protect and provide safeguards for the confidentiality of sensitive information, any party to this litigation may designate requested discovery materials as "Confidential" under the procedures set forth below.

4. If a party responding to a discovery request believes in good faith that the information required to be disclosed in response to such request should be protected and can adequately be protected by the means herein provided, the discovery material, when initially produced, shall be marked "Confidential" and shall be accompanied by the following language:

> "SUBJECT TO PROTECTIVE ORDER -- This information is protected and shall be kept in confidence in accordance with the terms of a protective order entered in Case No. 1:11-CV-176 in the United States District Court, Southern District of Ohio, Western Division."

5. Any party may object to the designation of discovery material as Confidential. Such objection shall be registered by letter to the party claiming protection, which letter shall identify the particular discovery material to which such objection is made. If the party claiming protection does not withdraw the designation in dispute, the objecting party shall have the burden of conferring, either in person or by telephone, with the party claiming protection (as well as any other interested party) to attempt to resolve the objection. Failing agreement, the moving party may within thirty (30) days of receipt of the objection apply to the Court for a ruling that the information designated as Confidential is or is not entitled to such status. In the event of such motion, the burden of establishing a good cause for protection shall be borne by the party claiming protection.

6.  If any party believes that information that has been or will be elicited by questions posed at a deposition should be protected and can adequately be protected by the means herein provided, that party may designate the information elicited or sought to be elicited and, as appropriate, exhibits offered in the course of such examination, as "Confidential" under the terms of this Protective Order. In that event:

   a.  Such portions of the deposition shall be conducted so that only persons entitled under this Order to have access to Confidential information, and the witness (and the witness's attorney) shall be present during the taking of such testimony.

   b.  Any transcript containing material designated as Confidential shall be marked on its cover and on each page containing Confidential information with the legend:

   > "SUBJECT TO PROTECTIVE ORDER — This information is protected and shall be kept in confidence in accordance with the terms of a protective order entered in Case No. 1:11-CV-176 in the United States District Court, Southern District of Ohio, Western Division."

   At the election of any party, Confidential testimony may be bound in a separate booklet or may be bound together with the remainder of the deposition. In either event, the cover page of any deposition transcript containing Confidential material within it shall be marked with the above-quoted legend.

   c.  If Confidential deposition testimony is to be lodged with the Clerk, any transcript containing Confidential testimony shall be lodged with the Clerk of the Court in conformity with the provisions of paragraph 7.

   These provisions apply to all depositions whether of parties, their officers, directors, managing agents or employees, or of third persons.

7.  In the event that Plaintiff or Defendant intends to include any document or information designated as "Confidential" or "Subject to Protective Order" in any filing with the Court, counsel for such party shall serve on all parties, a notice that the documents are, or are claimed to be, subject to this Protective Order, at least seven (7) days prior to filing or submitting such documents to the Clerk. Any party may move that any document - with the exception of

3

motions, memoranda, or other briefs - intended to be filed or submitted to the court be sealed from public view. The motion may be granted upon a showing to the court that good cause exists. Parties shall not file under seal any motion, memorandum, or other brief in its entirety. To the extent that a motion, memorandum, or brief to the Court contains any "Confidential" or "Subject to Protective Order" material, a party may move that the document be filed in redacted form, redacting only the "Confidential" or "Subject to Protective Order" material, and that the unredacted version be filed under seal. Any folder, envelope or other device used to seal such documents shall bear the notation "DOCUMENTS UNDER SEAL" and any other information required by S.D. Ohio Civ.R. 79.3(b). Thereafter, the clerk shall maintain such documents under seal in accordance with the provisions of this Protective Order. In the event that any such document or information is the subject of witness examination at a deposition, hearing, trial, or other proceeding held in connection with this case, it shall be noted on the record that all examination and testimony pertaining thereto shall be considered confidential and the pages of any transcript thereof so designated. Any such " Confidential" or "Subject to Protective Order" material filed under seal shall be accessible to the Court, Plaintiff, Plaintiff's counsel of record, Defendant, Defendant's counsel of record.

8. Confidential material shall be used only for the purpose of preparation for trial, pre-trial motions, trial, and appeal(s) of this litigation, and shall not be used for any personal, business, competitive or nonlitigation purpose.

9. Any copy, summary, compilation or other work product which discloses the content of Confidential material, in whole or in part, shall itself automatically become

Confidential material, and it shall be the responsibility of the party creating such copy, summary, compilation or other work product to treat the same as Confidential material in all respects. All Confidential discovery material shall be kept in secure files.

10. Discovery material marked as Confidential shall be disclosed only to the following persons:

    a. The Court, in accordance with the terms of this Protective Order;

    b. The parties, including the employees and agents of each party deemed necessary by the party to the preparation of the party's case or defense;

    c. The parties, outside or inside counsel who are actively engaged in preparation of this litigation for trial, and regular or temporary employees who assist counsel in the conduct of such action, including secretaries, paralegals, technical assistants, and other clerical persons;

    d. Experts or consultants specially retained by counsel to assist in the preparation of this case for trial, but only to the extent necessary to enable such expert or consultant to assist in the preparation of this case for trial and provided that such expert or consultant has executed an undertaking in the form attached hereto as Exhibit A.

    e. Witnesses during the course of deposition, provided that each such witness is first advised on the record as to the existence and terms of this Protective Order and agrees to be bound by its terms;

    f. Potential witnesses whom counsel reasonably and in good faith believe to have percipient knowledge as to such Confidential materials, provided that such potential witness first executes an undertaking in the form attached hereto as Exhibit A;

    g. An outside copying and document processing entity or person retained by the parties to assist in connection with the Litigation;

    h. A graphics person or entity retained by the parties to assist in the production of demonstrative evidence or visual aids;

    i. Court reporters, stenographers, and persons preparing transcripts of testimony under the supervision of a court reporter or stenographer; and

j.     Any person as may hereafter be agreed to in writing by the parties or as may hereafter be authorized by further order of this Court.

11.    Each person or entity accessing the Confidential information and/or documents shall sign the attached Exhibit A, unless such person or entity is separately bound by the terms of this Protective Order as provided in paragraph 12 below, and shall be bound by the terms of this Protective Order.

12.    The attorneys agreeing to this Protective Order shall be bound by its terms without the need to sign the attached Exhibit A, and the binding effect of this Protective Order shall extend to their respective law firms and employees thereof, including secretaries, paralegals, technical assistants, other clerical persons, and any regular or temporary employees who assist the attorneys in preparation of this litigation for trial.

13.    A party inadvertently producing discovery material without a "Confidential" designation may, upon discovery of such inadvertent disclosure, notify the other party of such failure to make the appropriate designation. Thereafter, such discovery material shall be entitled to the same treatment afforded discovery material designated as "Confidential."

14.    A party inadvertently producing documents, pursuant to the other party's discovery requests and which are protected by the attorney-client privilege, attorney-work product doctrine or any other privilege or protection from disclosure, shall be entitled to notify the party to whom such inadvertent production was made. Upon such written notice, the party to whom the inadvertent production was made shall return the documents and all copies thereof to the producing party. No inadvertent production of attorney-client or attorney-work product material shall be deemed a general waiver of those privileges.

15. Disclosure of information in violation of this Order entitles the non-violating party to seek any sanctions it deems to be appropriate. Nothing provided in this paragraph in any way limits the parties' rights to seek sanctions from the Court for violation of this Order.

16. This Protective Order may be amended from time to time to afford its protection (a) to any nonparty producing discovery material or (b) to any party joined in this action subsequent to the entry of this Protective Order.

17. Each party undertakes in good faith to institute procedures in the office, or in any location wherein these Confidential materials are used or stored, to maintain the confidentiality of these materials and to take all other measures reasonable to prevent materials from being used, reviewed, copied or otherwise accessed by any person or organizations not authorized by this Order. This applies to each person or entity that obtains access to such materials pursuant to this Order.

18. Within sixty (60) days of the conclusion of this litigation, and upon request, Plaintiff shall return to Defendant all Confidential Information produced by the Defendant. Likewise, within sixty (60) days of the conclusion of this litigation, and upon request, Defendant shall return to Plaintiff all Confidential Information produced by the Plaintiff.

19. All references herein to "the Court" or "this Court" also refer to any judicial officer or magistrate judge to whom the Court may refer any discovery dispute for resolution in accordance with the provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court.

20. Nothing herein shall preclude any party from seeking and obtaining additional protection from this Court prior to disclosing any discovery material which such party believes to be confidential, proprietary, or reflective of any trade secret and which cannot be adequately protected by this Protective Order. The party making such a request shall have the burden to establish its entitlement to such additional protection. Nothing herein shall constitute a recognition by the Court that such additional protection is necessary or proper.

21. If a party becomes (or is reasonably likely to become) legally compelled pursuant to a subpoena, civil investigative demand, public records request, request by any governmental authority, or other similar process, to disclose any Confidential material ("Disclosure Request"), it shall promptly notify the other party of such fact so that the other party may seek to oppose any such Disclosure Request, whether through a protective order or other appropriate remedy or assurances. In the event the other party fails to undertake such efforts and/or fails to obtain a protective order or other appropriate remedy or assurances barring, limiting, or conditioning the disclosure prior to the time specified for disclosure in the Disclosure Request (i) the party receiving the Disclosure Request shall disclose only that portion of the Confidential material which counsel to such party advises is legally required to be disclosed and use reasonable efforts to maintain and preserve the confidentiality of the remainder of the Confidential material; and (ii) neither the party receiving the Disclosure Request nor any of its representatives shall be liable for such disclosure. If, prior to the time specified for disclosure in the Disclosure Request, the other party obtains an order or other appropriate remedy or assurances limiting or conditioning but not barring in its the entirety disclosure of Confidential material (i) the party

8

receiving the Disclosure Request shall disclose only that portion of the Confidential material which counsel to such party advises is legally required to be disclosed subject to such limitations and/or conditions, and use reasonable efforts to maintain and preserve the confidentiality of the remainder of the Confidential material, and (ii) neither the party receiving the Disclosure Request nor any of its representatives shall be liable for such disclosure.

SO ORDERED this 7th day of Feb., 2012.

*Karen L. Litkovitz*
Magistrate Judge Karen L. Litkovitz

HAVE SEEN AND AGREED:

    Mike DeWine
    Attorney General of the State of Ohio


By: */s/ Jeffrey D. Houser*
    JEFFREY D. HOUSER (0076803)
    *Trial Attorney*
    BRIAN E. HURLEY (0007827)
    CRABBE, BROWN & JAMES LLP
    500 South Front Street, Suite 1200
    Columbus, OH 43215
    jhouser@cbjlawyers.com
    Telephone: (614) 228-5511
    Facsimile: (614) 229-4559
    *Attorneys for Plaintiff, The University of Cincinnati*


    */s/ Joseph L. Dilts*
    JOSEPH L. DILTS (0013003)
    REBECCA L. CULL (0083542)
    KOHNEN & PATTON, LLP
    PNC Center
    201 East Fifth Street, Suite 800
    Cincinnati, OH 45202
    Telephone: (513) 381-0656
    Facsimile: (513) 381-5823
    *Attorneys for Defendant, Hamburg Tea Company*

# EXHIBIT A

I have read and understand the Protective Order regarding preservation of confidential information entered in *The University of Cincinnati v. Hamburg Tea Co.*, Case No. 1:11-cv-176, which is pending in the United States District Court for the Southern District of Ohio Western Division and I agree to be bound by its terms.

Dated:_____    _____
                            Signature

                            _____
                            Printed or typed name